McGREGOR W. SCOTT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LUIS NOE HERNANDEZ ROJO<br>Defendant. | CASE NO. 1:20-mj-00132<br><br>STIPULATION FOR EXTENSION OF TIME FOR PRELIMINARY HEARING PURSUANT TO RULE 5.1(d), EXTENSION OF TIME TO FILE AN INDICTMENT UNDER THE SPEEDY TRIAL ACT, AND EXCLUSION OF TIME; FINDINGS AND ORDER<br><br>PROPOSED DATE: February 18, 2021<br>TIME: 2:00 p.m.<br>COURT: Duty Magistrate |

**STATUS REPORT**

A complaint and arrest warrant issued against the Defendant LUIS NOE HERNANDEZ ROJO ("defendant") on November 22, 2020. Defendant was arrested on the warrant in the Southern District of California and is currently scheduled to appear for a removal/identity hearing in the SDCA on January 19, 2021. Defense counsel, Jerome Kaplan, has indicated the defendant intends to stipulate to removal/identity; the government will not oppose his release on bond with conditions. By way of the below stipulation, the parties request the court set this matter for a preliminary hearing on February 18, 2021, and exclude time from December 16, 2020, to February 18, 2021.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal

matters. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a date for the preliminary hearing. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant LUIS NOE HERNANDEZ ROJO, by and through defendant's counsel of record, Mr. Kaplan, hereby stipulate as follows:

1. The parties request this matter be set for preliminary hearing on February 18, 2021, and that the court extend the time in which the government may file an indictment in this case.

2. By this stipulation, the parties agree to retroactively exclude time between December 16, 2020, and February 18, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government asserts the discovery associated with this case includes reports, photographs, and numerous recordings; discovery will be provided to counsel and/or made available for review.

b) The defendant does not object to the continuance or the extension of time within which the government may file an indictment.

c) In addition to the public health concerns cited by General Order 618, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- The grand jury requires a quorum of 16 people to vote on an indictment. The current grand jury is tentatively set to next hear matters on January 28, 2021. Given the current rate of COVID-19 infection in the Central Valley, it is highly possible there will be insufficient jurors to reach quorum on that date. Also given the COVID-19 infection rate concerns, the new grand jury originally scheduled to be empaneled next week has

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

been postponed, and empanelment of that grand jury is unlikely to take place until February 2021 at the earliest.

- Grand jurors are selected from a cross-section of the eligible jurors in the division of the district in which they serve. As with trial jurors, many grand jurors travel significant distances from their residences in different parts of the Eastern District of California in order to serve;

- Additionally, grand jurors, like the public at large, face challenges related to child care, and also must be cognizant of their own health and safety if they fall into high-risk groups based on age or medical conditions, or if they live with someone who falls in those categories. Because grand jurors were selected prior to the COVID-19 pandemic, jurors were not screened during selection using public health guidance related to COVID-19 for potential hardships that would excuse them from service;

d) Based on these facts, the parties agree that the ends of justice served by continuing the preliminary hearing and extending the time within which to indict the defendant outweigh the interest of the public in the prompt disposition of criminal cases. Fed. R. Crim. P. 5.1(d); 18 U.S.C. § 3161(h)(7)(A). To eliminate the risk of dismissal under the Speedy Trial Act, and to comply with both the statute and General Order 618, the parties request the court suspend the thirty-day requirement of 18 U.S.C. § 3161(b) until after normal court and jury operations are allowed to resume. The parties agree that good cause exists for the extension of time, and that the extension of time would not adversely affect the public interest in the prompt disposition of criminal cases. Fed. R. Crim. P. 5.1(d); 18 U.S.C. § 3161(h)(7)(A). Therefore, the parties request that the time between December 16, 2020, and February 18, 2021, be excluded pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), Local Code T-4.

e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 16, 2020, to February 18, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a joint request by the parties and a continuance granted by the Court on the basis of the Court's finding that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 14, 2021

McGREGOR W. SCOTT
United States Attorney

/s/ JESSICA A. MASSEY
JESSICA A. MASSEY
Assistant United States Attorney

Dated: January14, 2021

/s/ JEROME KAPLAN
JEROME KAPLAN
Counsel for Defendant
LUIS NOE HERNANDEZ ROJO

**FINDINGS AND ORDER**

Pursuant to the terms of the stipulation, the Court sets this matter for preliminary hearing on February 18, 2021, and extends the time in which the government may file an indictment in this case.

Additionally, time will be excluded between December 16, 2020, and February 18, 2021, under Local Code T4.

The Court finds that the ends of justice will be best served by continuing the preliminary hearing and extending the time within which to indict the defendant, which outweighs the interest of the public in the prompt disposition of criminal cases. Additionally, the court suspends the thirty-day requirement of 18 U.S.C. § 3161(b) until after normal court and jury operations are allowed to resume. The Court finds that good cause exists for the extension of time, and that the extension of time would not adversely affect the public interest in the prompt disposition of criminal cases.

IT IS SO ORDERED.

Dated: **January 15, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE